IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT LITTLETON, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-02077-SLB-JEO |
| ) | |
| MICHAEL T. JONES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report and recommendation on July 27, 2015, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 10). The plaintiff, having been advised of his right to file objections, has filed a "motion for abeyance and enter objections." (Doc. 11).

The court has carefully considered each of the grounds of the plaintiff's motion and objections. First, the plaintiff requests that this case be stayed until the court rules on his petition for habeas corpus, case number 3:14-cv-00371-WMA-JEO. In that action, the plaintiff challenges the validity of the sentence he received for the crime of sexual abuse in the second degree. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), this court must dismiss a claim under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his . . . sentence." *Heck*, 512 U.S.

at 487). Staying the plaintiff's § 1983 claim against defendant Jones is not a option in light of the Supreme Court directive otherwise.[1]

In his motion, the plaintiff states that his conviction "must be reversed/vacated and judgment rendered for Mr. Littleton because the state's evidence was insufficient . . . ." (Doc. 11, at 3). In the report and recommendation, the court observed that such a challenge to a conviction is not in the nature of a civil rights action, but a habeas action. (Doc. 10 at 8). Put simply, the plaintiff cannot have his sentence reversed or vacated through the use of a § 1983 action. Rather, the plaintiff's pending habeas action is the sole vehicle through which such a challenge may proceed.

The plaintiff also objects to the finding that the plaintiff's claims are barred by the statute of limitations. (Doc. 11, at 5-6). According to the plaintiff, he "did not receive the facts until after Assistant Attorney General Ferris W. Stephens [f]iled his answer to Mr. Littleton's Habeas Corpus Petition on April 14, 2014. . . ." (Doc. 11, at 6). However, the Alabama Supreme Court affirmed the plaintiff's underlying convictions and denied his petition for writ of certiorari on November 10, 2011. *Ex parte R.L.*, Case No. 1101228, Certificate of Judgment and writ of cert. denied without opinion, 130 So. 2d 1271 (Ala. 2011) (table). The plaintiff was clearly aware

---

[1] The plaintiff states that he "objects to *Heck v. Humphrey* because this Honorable Court knows that Mr. Littleton has stated clams upon which relief can be granted." (Doc. 11, at 8). As this court must follow applicable Supreme Court law, such objection has no merit.

of this when he filed his petition for habeas corpus, because he referenced this decision in his petition. *See* 3:13-cv-00371-WMA-JEO (doc. 1). The plaintiff's argument otherwise is unavailing. Additionally, even if the plaintiff could not ascertain that his state court conviction would not be set aside until the Assistant Attorney General filed an answer in the habeas action on April 14, 2014, this action under § 1983 would still be barred.

The plaintiff disagrees with the finding that defendant Jones is entitled to absolute judicial immunity. Even if defendant Jones entered a sentence outside the realm of possible sentences under Alabama law, as a judge with jurisdiction to impose sentences on individuals convicted of crimes, defendant Jones did not act in absence of all jurisdiction, as alleged by the plaintiff. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). This objection has no merit.

In essence, each of the grounds raised by the plaintiff are various attacks upon his conviction and sentence in the state court. As found in the report and recommendation, an action filed under § 1983 is not the proper vehicle through which to pursue such claims.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby is

**ADOPTED** and the recommendation is **ACCEPTED**. The plaintiff's motion for abeyance is **DENIED**. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DATED** this the 8th day of September, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE